JAMES REAVIS
Reavis Law, PLLC
316 N. 33rd St.
Billings, MT  59101
Phone: (406) 860-4640
E-mail: james@jamesreavislaw.com

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NATHAN WILNAU, <br><br> Defendant. | **Case No. 25-CR-62-BLG-SPW** <br><br><br> **UNOPPOSED MOTION TO VACATE EVIDENTIARY HEARING ON MOTION TO SUPPRESS** |

Nathan Wilnau, without opposition from the Government, hereby respectfully moves this Court to vacate the evidentiary hearing scheduled for this case on November 25, 2025, on the grounds that this Court has a sufficient record before it to presently issue a ruling on the now fully-briefed motion to suppress (*See* Docs. 93, 94, 101, 111).

1

The motion to suppress in this case is a constitutional challenge to a search warrant application that sought to track real-time GPS coordinates of a phone. Such a request fell under the ambit of the Stored Communications Act, 18 U.S.C. §§ 2701-2713, which requires a court order before accessing such information.

While challenges to warrantless searches and seizures nearly always require an evidentiary hearing, in this case Agent Michael Bennett submitted a search warrant application. Mr. Wilnau has argued the application lacks sufficient probable cause to justify the search warrant. As a reviewing court, this Court is "limited to the information and circumstances contained within the four corners of the underlying affidavit." *Crowe v. Cty. Of San Diego*, 593 F.3d 841, 869 (9th Cir. 2010); *see also, Montana v. Kasparek*, 2026 MT 163, ¶ 12, 384 Mont. 56, 375 P.3d 372 ("We will not review the sufficiency of a warrant application by assessing the effect of facts omitted from the original application.")

Retroactive consideration of outside information not included in the search warrant application (with the exception of false or misleading statements) is inappropriate for a reviewing court to

2

undertake and undermines the constitutional safeguards against

unreasonable searches and the reliability of the search process.

*Kasparek*, ¶¶ 12-13. In summary, the reviewing court is not permitted

to consider "extra" information omitted from the search warrant

application that was reviewed by the issuing magistrate.

This Court is already in possession of the key piece of information

in this case: The search warrant application submitted by Agent

Bennett and the resulting search warrant issued by Judge Davies. The

duty of this Court, as a reviewing court, is to determine whether

probable cause is satisfied by the four corners of the application.

An evidentiary hearing would not alter the language in the search

warrant application and would only present a risk of inviting additional

statements outside of the four corners. Because this Court is in

possession of the search warrant application as well as the law from

briefing, there is no barrier for this Court to state its essential findings

on the record as provided in Fed. R. Crim. P. 12(d).

Therefore, Mr. Wilnau, through counsel, respectfully moves this

Court to vacate the evidentiary hearing and to issue a decision on the

motion to suppress in due course.

RESPECTFULLY SUBMITTED this 27th day of October, 2025.

/s/ James Reavis
James Reavis
Reavis Law, PLLC
Attorney for Defendant

**Certificate of Compliance**

I certify under L.R. 1.5 and 7.1(d) that this motion is typed in Century Schoolbook 14-point font, consecutively numbered at the bottom of the page and has a word count of 440, excluding the caption, the certificate of service, and this certificate of compliance, as counted by Microsoft Word software.

DATED this 27th day of October, 2025.

/s/ James Reavis
James Reavis

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on October 27, 2025, I electronically filed a true and correct copy of the **UNOPPOSED MOTION TO VACATE EVIDENTIARY HEARING** with the Clerk of the Court for the United States District Court, for the District of Montana, Billings Division using the CM/ECF System.

I certify that service will be accomplished to the following persons

and parties on the CM/ECF service list:

1.    United States District Court Clerk

2.    Julia Patten
      Assistant United States Attorney
      United States Attorney's Office
      2601 2nd Avenue North, Ste 3200
      Billings, MT 59101
            *Counsel for the United States*

3.    Juli M. Pierce
      LP Law, PLLC
      301 N. 27th St. #300
      Billings, MT 59101
            *Counsel for Christina Hill*

4.    Matthew Claus
      Matt Claus Law, PLLC
      301 N. 27th St., Ste. 1
      Billings, MT 59101
            *Counsel for Davious Greenwood-James*

5.    Marvin S. McCann
      McCann Law Firm
      P.O. Box 50562
      Billings, MT 59105
            *Counsel for Bonnie Chu*

6.    Jennifer A. Dwyer
      Avignone, Banick & Williams, PLLC
      3825 Valley Commons Drive Ste. 6
      Bozeman, MT 59718
            *Counsel for Dion Andre Davis, II*

7.    Vernon E. Woodward
      Woodward Law Firm
      P.O. Box 1657
      Billings, MT 59103

*Counsel for Tyler-Christopher Tainter-Gallon*

/s/ James Reavis
James Reavis
Reavis Law, PLLC
Attorney for Defendant
